**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABHI BARTHAKUR, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No.: 16-1995-BRM-DEA |
| HANK OLSZYK, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

Before this Court is a Motion to Dismiss the Complaint of *pro se* Plaintiff Abhi Barthakur ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendant Steven Jablonski ("Defendant" or "Jablonski"). (ECF No. 4.) No opposition was filed. The Court decides the motion without oral argument, pursuant to Fed. R. Civ. P. 78, and, for the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

On April 11, 2016, Plaintiff filed a Complaint (ECF No. 1) against several defendants. Plaintiff labels his Complaint: "Violation of [the] United States Constitution, Civil Rights, Racketeering, Obstruction of free Movement and Obstruction of Justice." (*Id.*) The Complaint does not plead separate counts and does not describe which factual allegations support which causes of action, against which defendants. Nonetheless, from the Complaint and as relevant to the instant motion, the Court gleans the following facts:

Plaintiff alleges his daughter is a ninth grade student in the Hillsborough School District, where Jablonski is the Vice Principal. (ECF No. 1 at 8-9.) Plaintiff states he "found out that the high school timing was VERY inconvenient" because "[t]he bus comes at 6:40 and it's still very

dark." (*Id.*) As a result, Plaintiff "left a phone message and a few emails that [he was] displeased at the timing, and [his] daughter will go [to] the school when the actual teaching period starts. For the phone message, Mr. Steve Jablonski, the vice principal filed a harassment charge on me." (*Id.* at 9.) According to the Complaint, "[o]n the day of the trial at the superior court, Judge Bruce Jones heard the tape and read the email, and found [Plaintiff] not guilty." (*Id.*)

The Complaint also alleges "[o]ne other time, when [Plaintiff] was going over [his] daughter's math assignment, [he] saw a serious flaw on the teaching of the algebraic equations, without giving the basic information." (ECF No. 1 at 11.) Upon seeing this "serious flaw," Plaintiff "fired up an email," apparently to Jablonski. (*Id.*) In response, Jablonski allegedly "filed another harassment charge . . . [b]ut this time he could not find a police officer[] to sign the ticket . . . ." (Id.) "Since Mr. Jablonski lost his previous harassment claim," the Complaint alleges "he used Ms. Nancy Horvath, a Hillsborough Township municipal court administrator, to issue this new summon [sic]." (*Id.*) Plaintiff describes these actions as "an organized crime syndicate" because "[i]t is [Plaintiff's] full belief, that Mr. Jablonski and Mr. Blandino are acting in unison to harass me anyway they can." (*Id.*)

In response to the harassment charges, Plaintiff "started posting YouTube videos about their nastiness. . . . I said in one of my YouTube video 'any police officer without warrant comes into my house, when I am home, and threatens my family, I will put a f-ing bullet on your head.'" (ECF No. 1 at 12.)

The Complaint also describes various incidents in which Plaintiff was arrested and/or incarcerated, without reference to Jablonski, including several summons for loose animals and the use of firearms on his property. (*See* ECF No. 1 at 3.) Plaintiff concludes the Complaint stating: "I am visualizing an imminent total societal collapse of the United States and elsewhere. It is VERY

2

important that I have my guns back, to protect my family in such a situation. But since this has not happened yet, I am going along with the system and filing this complaint." (*Id*. at 14-15.) Plaintiff seeks the following relief: (1) "An order to have my 22 caliber guns back – one hand gun and one rifle, be returned to my home address immediately, protecting the 2nd amendment" and (2) "Supreme common law is maintained. UNITED STATES CONSTITUTION MUST BE UPHELD, perpetrator who violated the rules MUST be PUNISHED with exemplary punishment." (*Id*. at 15.)

Jablonski now moves to dismiss the Complaint in its entirety for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 4.) Plaintiff did not file written opposition to Defendant's motion. Instead, Plaintiff filed an "Addendum to case 3:16-cv-01995" in order "to add to [his] original complaint as many individual[s] of Hillsborough Township Police department" as defendants. (ECF No. 7.) This "addendum" does not include any additional allegations relating to Jablonski. (*See id*.)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the

3

factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

It appears Plaintiff is attempting to assert claims against Jablonski under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §1962, *et seq.*, for his alleged involvement in a criminal conspiracy, and for unspecified violations of Plaintiff's civil rights. In both respects, however, the Complaint fails to state a viable claim for relief.

To plead a RICO claim under Section 1962(c), "the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Insurance Brokerage*

*Antitrust Litig.*, 618 F.3d 300, 362-63 (3d Cir. 2010). To constitute a "pattern of racketeering activity," there must have been at least two acts of racketeering within a ten-year period. 18 U.S.C. § 1961(5). Here, Plaintiff fails to allege two acts of criminal activity, as required to state a RICO claim. Rather, as to Jablonski, the Complaint simply alleges he filed a criminal complaint for harassment against Plaintiff. Plaintiff also fails to allege the existence of an enterprise, its relationships or purpose. *Boyle v. United States*, 556 U.S. 938, 946 (2009); *see also* 18 U.S.C. § 1961(4) (defining the term "enterprise" in the context of a RICO claim). As such, Plaintiff has failed to state a RICO claim under Section 1962 against Jablonski.

The Complaint also fails to state a claim against Jablonski for alleged violations of Plaintiff's civil rights. A generous reading of the Complaint suggests Plaintiff's claims against Jablonski, for filing a criminal complaint against Plaintiff, arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must demonstrate that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights, privileges, or immunities secured by the United States Constitution. *Robb v. City of Philadelphia*, 733 F.2d 286, 290-91 (3d Cir. 1984). Here, however, Jablonski was not acting under color of state law and the Complaint makes no such allegation.

To the extent Plaintiff intended to plead a claim for malicious prosecution that claim also fails. To plead a Section 1983 malicious prosecution claim, a plaintiff must allege (1) the defendant initiated a criminal proceeding; (2) which ends in the plaintiff's favor; (3) which was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the defendant to justice; and (5) facts sufficient to show a plausible deprivation of liberty consistent with the concept of seizure. *Lee v. Mihalich*, 847 F.2d 66, 69-70 (3d Cir. 1988); *Hartspence v. Madison Township*, 617 F. App'x 158 (3d Cir. 2015). But Plaintiff does not allege a plausible

deprivation of liberty consistent with the concept of seizure, and the mere issuance of a summons, without more, is not sufficient to state a malicious prosecution claim. *See Varriale v. Borough of Montvale*, No. 04-199, 2006 U.S. Dist. LEXIS 44384 (D.N.J. June 29, 2006); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 602-03 (3d Cir. 2005).

Finally, Plaintiff's purported obstruction of justice claim must also be dismissed. N.J.S.A. 2C:29-1 governs obstruction of justice, but it is a criminal statute that does not provide for a private right of action. When a statute is silent on the question, New Jersey courts are "generally loathe to imply a civil remedy from a penal statute." *Trustees of Local 478 Trucking & Allied Pension Fund v. Pirozzi*, 198 N.J. Super. 297, 308 (N.J. Sup. Ct. Law Div. 1983), *aff'd*, 198 N.J. Super. 318 (App. Div. 1984). The Court finds no basis to infer a private right of action for obstruction of justice and, moreover, the Complaint fails to allege any facts that would support such a claim against Jablonski.

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**. An appropriate Order will follow.

**Date: February 7, 2017**              */s/ Brian R. Martinotti*  
                                        **HON. BRIAN R. MARTINOTTI**  
                                        **UNITED STATES DISTRICT JUDGE**